# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 21, 2013

No. 12-60685
Summary Calendar

Lyle W. Cayce
Clerk

DIXIE-NET COMMUNICATIONS, INCORPORATED,

Plaintiff-Appellant

v.

BELLSOUTH TELECOMMUNICATIONS, INCORPORATED, doing business as AT&T Mississippi; MISSISSIPPI PUBLIC SERVICE COMMISSION; BRANDON PRESLEY, in his official capacity as Commissioner; LEONARD BENTZ, in his official capacity as Commissioner; LYNN POSEY, in his official capacity as Commissioner,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:10-CV-84

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

This is an appeal from the district court's judgment affirming the Mississippi Public Service Commission's ruling with respect to an interconnection agreement (ICA) between Appellant Dixie-Net Communications,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60685

Inc. and Appellee BellSouth Telecommunications, Inc. d/b/a AT&T Mississippi. Appellant first argues that the Commission's interpretation of this ICA should be subject to a *de novo* standard of review. It is binding law in this circuit that a federal court reviews a state utility commission's interpretation of an ICA under an arbitrary and capricious standard. *Southwestern Bell Tel. Co. v. Pub. Util. Comm'n of Tex.*, 208 F.3d 475, 482 (5th Cir. 2000); *see also Budget Prepay, Inc. v. AT&T Corp.*, 605 F.3d 273, 276 (5th Cir. 2010). We decline Appellant's request for us to overrule that precedent, which at any rate we cannot do. *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997) ("[O]ne panel of this court cannot overrule the decision of another panel; such panel decisions may be overruled only by a subsequent decision of the Supreme Court or by the Fifth Circuit sitting *en banc*."). As to the district court's finding that the Commission's ruling was not arbitrary and capricious, we agree with the court's thorough and well-reasoned opinion.

AFFIRMED.